IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPENCER MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| C/O YOUNGMAN, ) | |
| C/O MONTROY, ) | |
| C/O BOLAND, ) | |
| FRANK LAWRENCE, ) | |
| LUITENANT SPELLARD, ) | Case No. 22-cv-523-DWD |
| JOHN DOE 1, ) | |
| JOHN DOE 2, ) | |
| IDOC, ) | |
| COUNSELOR CLENDENIN, ) | |
| COUNSELOR QUICK, ) | |
| SARAH. ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 8, 2022, Plaintiff Spencer Martin was ordered to show cause about the timeliness of the claims in his civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 7). Specifically, the Court noted that the underlying factual allegations all occurred at the latest by the end of 2019, but Plaintiff did not file suit until March 7, 2022. Plaintiff filed a timely response to the Order to Show Cause, but the response does not establish the timeliness of the underlying claims.

The Court noted in the Order to Show Cause that Plaintiff's complaint appeared deficient on the face because he complained of an assault that occurred on June 3, 2019, and he alleged that the investigation into the assault was complete by August 22, 2019.

(Doc. 7 at 5).  In the original complaint, Plaintiff alleged that he did not include copies of any grievances because they had been taken, or he could not access those documents. (Doc. 1 at 8).  He also stated in the complaint that he corresponded directly with the Administrative Review Board (ARB) about the incident in June or July of 2019, and he was directed to start by raising the issue at the institutional level.  (Doc. 1 at 12).  He alleges that his correspondence to the ARB prompted an August 22, 2019 memorandum from Warden Frank Lawrence stating that an investigation of his allegations found them to be unsubstantiated.  (*Id.*).  He did not allege in his complaint that he pursued grievances or administrative review further.

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts.  See *Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989).  In Illinois, where the events in Plaintiff's complaint occurred, that period is two years.  See *Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202.  Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level.  See *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015).  A court may sua sponte dismiss a case at § 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous."  *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

In response to the Order to Show Cause, Plaintiff alleges that he believed that the statute of limitations for filing a federal lawsuit did not begin until the grievance process was fully exhausted.  He claims that he attempted to resolve his issues via grievances on a couple of different occasions, and that two documents he attached to the response will show that his claims are timely.  The two attached documents are both from the ARB.  The first was apparently filed on with the ARB on March 11, 2020, though it concerned an August 25, 2019, grievance wherein Plaintiff sought "supporting documentation from PREA investigation dated June 3, 2019."  (Doc. 8 at 4).  On October 5, 2020, the ARB returned the grievance with the response that Plaintiff would need to use a Freedom of Information Act (FOIA) request to secure said documents from the Internal Affairs Unit.

The second grievance was received by the ARB on March 11, 2020.  It notes that it is a grievance regarding "claims GVC about incident on 6/4/19 have not been addressed by grievance staff."  (Doc. 8 at 5).  It apparently originated at the facility level on June 20, 2019.  On March 13, 2020, the ARB denied the grievance because it was not received within 30 days of the Chief Administrative Officer's response.

Assessing information from the original complaint and the response to the Order to Show Cause, the Court finds that Plaintiff has not demonstrated that his claims are timely.  In his Complaint, Plaintiff alleged that he got virtually no response to grievances about the underlying issues, or that at the latest he got a memorandum at the facility in August of 2019 finding his claims unsubstantiated.  In his Complaint, he did not allege that he pursued the issue further with the ARB.  Plaintiff now argues that he waited to file his lawsuit until March of 2022 because he believed that he first had to exhaust

administrative remedies, but his supporting exhibits and his earlier explanation do not add up.

The grievance that he filed with the ARB on March 11, 2020, and for which he received a response on October 5, 2020, is irrelevant to allegations in the complaint because it concerns PREA documentation. The present lawsuit does not raise claims about the PREA. By contrast, the grievance that he filed with the ARB, which was apparently also received on March 11, 2020, was found to be untimely on March 13, 2020. Even if it were not untimely, the appeal concerns only the lack of a response to grievances at the facility. The mishandling of grievances by those who did not participate in an underlying constitutional violation is not a freestanding constitutional violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("a guard who rejects an administrative complaint about a completed act of misconduct does not" violate the Constitution). Thus, the grievance does not establish that Plaintiff's claims in this lawsuit are timely filed or properly exhausted.

Plaintiff's response to the Order to Show Cause does not demonstrate that he filed this case in a timely fashion. The two ARB documents that he submitted do not directly correlate to underlying claims, so they do not establish that the present claim was timely filed. The submission of these documents also is somewhat contradictory with Plaintiff's assertions in the original complaint that he did not have any grievance documentation to submit because he was not getting responses to anything, or he did not have copies based

on alleged retaliation. In his original complaint, he alleged that he raised the issue with the ARB, and they contacted the Warden of Menard in July of 2019. (Doc. 1 at 12). After the Warden was contacted, he got a memorandum on August 22, 2019, saying that the investigation of his claims was closed as unfounded. (*Id.* at 12). Plaintiff did not state in the original complaint that he took grievances any further about the assault itself, or that he returned to the ARB with that exact issue. His latest submissions do not change the Court's earlier analysis that the complaint is untimely. It appears that substantively, Plaintiff's last direct attempts to resolve the claims in this lawsuit had concluded by August of 2019. Later pursuit of administrative remedies concerning responses to grievances about earlier grievances do not extend the timeframe for filing this lawsuit.

Based on the foregoing analysis, the Court finds that Plaintiff's complaint was untimely on the face, and that his response to the Order to Show Cause was insufficient to effectively refute this. Accordingly, the Court finds it appropriate to dismiss his complaint as untimely.

## Disposition

For the foregoing reasons, Plaintiff's complaint will be **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order, and to close this case.

**IT IS SO ORDERED.**

Dated: June 3, 2022

DAVID W. DUGAN
United States District Judge